# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERRYN RISK, | Civil Action No. 05-1068 |
| Plaintiff, | |
| vs. | |
| | Magistrate Judge Lenihan |
| BURGETTSTOWN BOROUGH, PENNSYLVANIA, and GEORGE ROBERTS, Chief of Police, in his individual capacity, | |
| | Jury Trial Demanded |
| Defendants. | |

## AMENDED CIVIL COMPLAINT

Plaintiff Terryn Risk brings this action seeking legal and equitable relief and in support alleges the following:

### I. Jurisdiction

1. The Jurisdiction of this Court is invoked pursuant to Section 1 of the Civil Rights Act of 1871, 42 U.S.C. §1983; 28 U.S.C. §§ 1343 (a)(4); and 28 U.S.C. § 1331.

2. Plaintiff has satisfied all administrative prerequisites to suit under Title VII in that:

   a. He filed two timely Charges of Discrimination with the Pennsylvania Human Relations Commission on March 2, 2005, and July 7, 2005, and cross-filed his Complaints of Discrimination with the Equal Employment Opportunity Commission;

   b. The U.S. Department of Justice issued two Notices of Right to Sue on May 12, 2006; and

   c. This Amended Complaint is filed within 90 days of receipt of that notice.

## II. The Parties

3. Risk is an individual citizen who resides at 3525 Pennsylvania Avenue, Weirton, WV, 26062.

4. Defendant Burgettstown Borough, Pennsylvania, is a political subdivision of the Commonwealth of Pennsylvania with its principal address at 1509 Main Street, Burgettstown, Washington County, PA 15021.

5. Defendant George Roberts, at all times relevant hereto, was the Chief of Police of Burgettstown Borough, and therefore is a state actor. He resides at 514 Cook School Road, Aliquippa, PA 15001. His principal place of business is 1509 Main Street, Burgettstown, Washington County, PA 15021. He is sued in his individual capacity.

## III. Factual Background

6. Risk was employed as a police officer by Burgettstown from October 2, 2002 until June 23, 2005, when Burgettstown fired him.

7. Throughout his employment, Risk successfully performed his job duties.

8. Throughout his employment, Risk was a Christian, and a member of the Weirton West Virginia Covenant Church.

9. Defendants knew of Risk's religious beliefs, and indeed, Defendant Roberts would often discuss Risk's strong religious beliefs.

10. Throughout his employment, as a sign of his religious beliefs, Risk wore a very small cross pin on his uniform lapel.

11. During his employment, Risk requested if possible, that he not be scheduled to work during a time on Sunday when he attends church services.

12. Risk did not demand that he not be scheduled to work during that period, but rather, requested that, if possible, he be scheduled for a time that would not conflict with his church attendance.

13. Risk never once reported off work for the purpose of attending church.

14. During the summer of 2004, Defendant Roberts ordered Risk to remove his cross.

15. Burgettstown has no policies or requirements that preclude a police officer from wearing a small cross or any other pin while on duty.

16. At or around the same time that he ordered Risk to remove his cross, Defendant Roberts informed others that if cutbacks were to occur in the Burgettstown Police Department, one of the officers who would be dismissed would be Risk, because his "Church" interfered with his job.

17. On December 7, 2004, Risk, through his counsel, requested that he be permitted to wear his cross, and informed Chief Roberts that he believed the requirement to remove his cross and Roberts' plan to dismiss him because his Church "interfered" with his position was discriminatory.

18. In his communication on December 7, 2004, as well as in communications on December 31, 2004, Risk opposed those discriminatory practices.

19. On January 9, 2005, Defendants removed Risk from the duty schedule.

20. On June 23, 2005, Defendants informed Risk through a letter that his employment was terminated.

**Count I**
**Free Exercise Clause**
**Plaintiff vs. Burgettstown Borough**

21. Plaintiff incorporates by reference paragraphs 1 through 20 as if fully restated herein.

22. Under the First and Fourteenth Amendments of the U.S. Constitution, Risk has a right

to freely exercise his religious beliefs.

23.     Risk, as a citizen of the United States, did not surrender his rights, privileges and immunities under the U.S. Constitution as a condition of employment with Defendant.

24.     Burgettstown, under color of state law, discharged Risk because of his religion and religious practices, as set forth above, and therefore prohibited Risk from freely exercising his religion, in violation of the First Amendment of the U.S. Constitution, and 42 U.S.C. §1983.

25.     Defendant's actions were undertaken intentionally and with reckless indifference to Risk's federally protected rights.

26.     As a direct and proximate result of Defendant's intentional and reckless actions, Risk has sustained the following injuries:

    a.     Loss of income and benefits

    b.     Humiliation

    c.     Loss of reputation

    d.     Inconvenience

WHEREFORE, Plaintiff demands judgment against Defendant Burgettstown Borough for deprivation of his rights under the First and Fourteenth Amendments in violation of 42 U.S.C. §1983, and damages as follows:

    a.     That Defendant be permanently enjoined from discriminating against Risk.

    b.     That Defendant be permanently enjoined from retaliating against Risk.

    c.     That Risk be awarded actual and consequential damages including lost wages and benefits in an amount to be proven at trial, plus interest.

    d.     That Risk be awarded compensatory damages to compensate for the humiliation he has suffered as a result of Defendant's conduct.

    e.    That Defendant be ordered to reinstate Risk to the position he held on January 6, 2005, together with benefits and competitive seniority he would have retained but for Defendant's actions.

    f.    That Risk be awarded against Defendant the costs and expenses of this litigation, and, pursuant to 42 U.S.C. §1988, a reasonable attorney's fee;

    h.    That Risk be awarded such further relief as this Court deems to be just and proper.

## Count II
## Free Speech
### Plaintiff vs. Burgettstown Borough

27.    Plaintiff incorporates by reference paragraphs 1 through 26 as if fully restated herein.

28.    Risk's wearing a cross on his uniform is speech involving matters of public concern and therefore is protected under the First Amendment of the U.S. Constitution.

29.    Risk, as a citizen of the United States, did not surrender his rights, privileges and immunities under the U.S. Constitution as a condition of employment with Defendant.

30.    Under the First and Fourteenth Amendments of the U.S. Constitution, Risk has a right to speak on matters of public concern.

31.    Defendant fired Risk because of and in retaliation for his exercise of the right to speak freely, and therefore Defendant violated Plaintiff's rights under the First and Fourteenth Amendments of the U.S. Constitution and 42 U.S.C. §1983.

32.    Defendant's discharge of Risk deprived him of his right to speak freely as protected by the First Amendment and was undertaken under color of state law, in violation of 42 U.S.C. §1983.

33.    Defendant's actions were undertaken intentionally and with reckless indifference to Risk's federally protected rights.

34. As a direct and proximate result of Defendant's intentional and reckless actions, Risk has sustained the following injuries.

   a. Loss of income and benefits

   b. Humiliation

   c. Loss of reputation

   d. Inconvenience

WHEREFORE, Plaintiff demands judgment against, Defendant Burgettstown Borough for deprivation of his rights under the First and Fourteenth Amendments in violation of 42 U.S.C. §1983, and damages as follows:

   a. That Defendant be permanently enjoined from discriminating against Risk.

   b. That Defendant be permanently enjoined from retaliating against Risk

   c. That Risk be awarded actual and consequential damages including lost wages and benefits in an amount to be proven at trial, plus interest.

   d. That Risk be awarded compensatory damages to compensate for the humiliation he has suffered as a result of Defendant's conduct.

   e. That Defendant be ordered to reinstate Risk to the position he held on January 6, 2005 together with benefits and competitive seniority he would have retained but for Defendant's actions.

   f. That Risk be awarded against Defendant the costs and expenses of this litigation, and, pursuant to 42 U.S.C. §1988, a reasonable attorney's fee;

   h. That Risk be awarded such further relief as this Court deems to be just and proper.

## Count III
## Petition Clause
## Plaintiff vs. Burgettstown Borough

35. Plaintiff incorporates by reference paragraphs 1 through 34 as if fully restated herein.

36. When Risk complained to Roberts concerning the religious discrimination to which he was exposed, he engaged in his right to speak and to petition the government for redress of grievances.

37. Risk, as a citizen of the United States, did not surrender his rights, privileges and immunities under the U.S. Constitution as a condition of employment with Defendant.

38. Defendant fired Risk because of and in retaliation for his exercise of the right to speak and to petition the government for redress of grievances, and therefore Defendant violated Plaintiff's rights under the First and Fourteenth Amendments of the U.S. Constitution and 42 U.S.C. §1983.

39. Defendant's discharge of Risk deprived him of his right to petition as protected by the First Amendment and was undertaken under color of state law, in violation of 42 U.S.C. §1983.

## Count IV
## Plaintiff v. George Roberts in his individual capacity

40. Plaintiff incorporates by reference the allegations in Paragraphs 1 through 39 as if fully restated herein.

41. Defendant Roberts fired Risk from his position as a police officer because of Risk's religious beliefs, and because Risk had worn a cross and had complained about the requirement that he not wear a cross, in violation of Plaintiff's rights as protected by the First Amendment, and was undertaken under color of state law, in violation of 42 U.S.C. §1983.

42. At all times relevant hereto, Roberts acted under color of state law, because his conduct, as set forth at length above, constitutes misuse of power possessed solely by virtue of state law and made possible only because Defendant was clothed with the authority of state law.

43. Roberts' actions toward Plaintiff were intentional and were undertaken with reckless disregard of Risk's federally protected rights.

44. The conduct by Roberts as set forth above was a conscious choice on the part of Roberts to disregard Plaintiff's constitutional rights, and deprived Plaintiff, under color of state law, of his right to speak freely, to petition, and to the Free Exercise of his religious beliefs under the First and Fourteenth Amendments of the U.S. Constitution in violation of 42 U.S.C. §1983.

45. As a direct and proximate result of Robert's intentional and reckless actions, Plaintiff has sustained the injuries and damages set forth above.

WHEREFORE, Plaintiff demands judgment against Defendant Roberts individually and in his official capacity for deprivation of his right to speak freely; petition the government for redress of grievances, and to freely exercise his religion under the First Amendment of the U.S. Constitution and 42 U.S.C. §1983, and damages as follows:

   a. That Defendants be permanently enjoined from discriminating against Plaintiff for engaging in First Amendment activities;

   b. That Defendants be permanently enjoined from retaliating against Plaintiff because he engaged in First Amendment protected activities;

   c. That Defendants be ordered to reinstate Plaintiff to the position he occupied on January 2005 with all lost pay and benefits;

   d. That Plaintiff be awarded compensatory damages to compensate for pain, suffering, emotional distress and humiliation Plaintiff has suffered as a result of Defendants' conduct;

  e. That Plaintiff be awarded punitive damages individually against Roberts in an amount sufficient to punish him and to deter similar conduct;

  f. That Plaintiff be awarded against Defendants the costs and expenses of this litigation, and, pursuant to 42 U.S.C. §1988, a reasonable attorney's fee; and

  g. That Plaintiff be awarded such further relief as this Court deems to be just and proper.

**Count V**
**Title VII**
**Plaintiff vs. Burgettstown Borough**

46. Plaintiff incorporates by reference the allegations in Paragraphs 1 to 45 as if fully restated herein.

47. Defendants fired Risk because of his religion in violation of Title VII of the Civil Rights Act, 42 U.S.C. §2000e-2(a)(1).

48. As a direct result of Defendant's violation of Title VII, Risk has lost wages and other economic benefits of his employment with Defendant, in addition to suffering extreme emotional distress, depression, inconvenience and humiliation.

WHEREFORE, Risk requests the following:

  a. That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of Title VII of the Civil Rights Act;

  b That Defendant be ordered to reinstate Plaintiff and provide his accumulated seniority, fringe benefits and all other rights;

  c. That Defendant be required to compensate Plaintiff for the full value of wages he would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest from the date of discrimination, in addition to reimbursement for lost pension, social security, experience, training opportunities and other benefits;

  d. That the Court award Plaintiff compensatory damages as a result of Defendant's violations of Title VII of the Civil Rights Act;

    e.    That Defendant be enjoined from discriminating against Plaintiff in any manner that violates Title VII of the Civil Rights Act;

    f.    That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

    g.    That the Court grant Risk additional relief as may be just and proper.

**Count VI**
**Retaliation**
**<u>Plaintiff v. Burgettstown Borough</u>**

49.    Plaintiff incorporates by reference the allegations in Paragraphs 1 to 48 as if fully restated herein.

50.    Defendants fired Risk for opposing religious discrimination in his workplace and for filing a charge of discrimination, in violation of 42 U.S.C. §2000e-3(a).

51.    As a direct result of Defendant's retaliation in violation of Title VII, Risk has lost wages and other economic benefits of his employment with Defendant, in addition to suffering extreme emotional distress, depression, inconvenience and humiliation.

WHEREFORE, Risk requests the following:

    a.    That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of Title VII of the Civil Rights Act;

    b    That Defendant be ordered to reinstate Plaintiff and provide his accumulated seniority, fringe benefits and all other rights;

    c.    That Defendant be required to compensate Plaintiff for the full value of wages he would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest from the date of discrimination, in addition to reimbursement for lost pension, social security, experience, training opportunities and other benefits;

    d.    That the Court award Plaintiff compensatory damages as a result of Defendant's violations of Title VII of the Civil Rights Act;

e. That Defendant be enjoined from discriminating against Plaintiff in any manner that violates Title VII of the Civil Rights Act;

f. That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

g. That the Court grant Risk additional relief as may be just and proper.

Respectfully submitted,

**Ogg, Cordes, Murphy & Ignelzi**

/S/ Samuel J. Cordes
Samuel J. Cordes
Jana H. Finder

Pa.I.D. #54874 (Cordes)
Pa.I.D. #79608 (Finder)

245 Fort Pitt Boulevard
Pittsburgh, PA 15222
(412) 471-8500

Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify on this 28th day of June, 2006, I served a copy of the foregoing *Amended Complaint* via electronic mail upon the following:

Teresa O. Sirianni
Marshall Dennehey Warner Coleman & Goggin
Suite 2900
600 Grant Street
Pittsburgh, PA 15219

                                          /S/ Samuel J. Cordes
                                          Samuel J. Cordes