UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERRYN RISK, | Civil Action No. 05-1068 |
| Plaintiff, | |
| vs. | Magistrate Judge Lenihan |
| BURGETTSTOWN BOROUGH, PENNSYLVANIA, | |
| Defendant. | Jury Trial Demanded |

**PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE AFTER-ACQUIRED EVIDENCE OF PLAINTIFF'S POLICE CERTIFICATION, OR IN THE ALTERNATIVE, TO BIFURCATE**

Plaintiff Terryn Risk, by undersigned counsel files this Motion *in Limine,* or in the Alternative, moves to Bifurcate pursuant to Fed R. Civ. P. 42(b), and in support thereof avers as follows:

1. This is an action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1) and 42 U.S.C. § 2000e-3(a), and the Pennsylvania Human Relations Act, 43 Pa. Conns. Stat.Ann. § 955(a) et seq.. Plaintiff alleges Defendant fired him from his position as a police officer because of his religious beliefs, and that Defendant retaliated against him for opposing its practice of religious discrimination. Trial is scheduled to begin March 24, 2008.

2. Risk was employed as a police officer by Defendant from October 2, 2002 until June 23, 2005, when Defendant fired him.

3. Throughout his employment, Risk was a Christian, and a member of the Weirton West Virginia Covenant Church.

4. During the summer of 2004, Police Chief George Roberts ordered Risk not to wear a

small cross pin that he had been wearing on the lapel of his police uniform since he began his employment.

5. At or around the same time that he ordered Risk to remove his cross, Roberts informed others that if cutbacks were to occur in the Burgettstown Police Department, one of the officers who would be dismissed would be Risk, because his "Church" interfered with his job.

6. On December 7, 2004, Risk, through his counsel, requested that he be permitted to wear his cross, and informed Chief Roberts that he believed the requirement to remove his cross and Roberts' plan to dismiss him because his Church "interfered" with his position was discriminatory.

7. On January 9, 2005, Defendants removed Risk from the duty schedule.

8. On June 23, 2005, Defendants informed Risk through a letter that his employment was terminated.

9. At the time that Risk was terminated, he was certified as a police officer in Pennsylvania.

10. On July 19, 2006, after talking with Defendant's counsel and receiving an "anonymous tip," the Municipal Police Officers' Education and Training Commission sent Risk correspondence that it intended to revoke his certification because he had not met the waiver qualifications to transfer as a police officer from another state.

11. On September 13, 2007, Risk's certification was revoked by Municipal Police Officers' Education and Training Commission (MPOETC). The matter is currently on appeal to the Commonwealth Court of Pennsylvania.

### A. Exclusion of Evidence

12. In its Answer and Defenses to Second Amended Complaint, Defendant states,

"Plaintiff's damages are limited in part and/or in full because of after acquired evidence revealing that Plaintiff was not qualified to work as a police officer in the state of Pennsylvania." (Answer, Eleventh Defense).

13. Defendant stated in its Supplemental Rule 26 disclosures that it may rely upon the following documents in support of its defenses:

    a. Terryn Risk's Certification file from the MPOETC (Disclosures, ¶3); and

    b. Correspondence from MPOETC to Terryn Risk dated July 19, 2006 pertaining to status of Municipal Police Certification (Disclosures, ¶4).

14. Defendant did not acquire any evidence of Risk's revocation of certification, or of the possibility that he was not qualified as a Pennsylvania police officer, until after it discharged Risk, and Defendant admits as much by characterizing the evidence as "after acquired" in its Answer and Defenses to Second Amended Complaint. (Eleventh Defense).

15. After-acquired evidence of alleged employee wrongdoing is no defense to liability in an employment discrimination case, and therefore does not bar a plaintiff's recovery. McKennon v. Nashville Banner Pub. Co., 513 U.S. 352, 358 (1995)(ADEA); Mardell v. Harleysville Life Ins. Co., 65 F.3d 1072 (3d Cir. 1995)(Title VII).

16. In other words, information unknown to the employer at the time of the adverse employment decision is irrelevant to the issue of discrimination because it could not possibly have motivated the decision. *See* Mardell v. Harleysville Life Ins. Co., 31 F.3d 1221, 1228-29 (3d Cir. 1994), *vacated*, 514 U.S. 1034 (1995), *reinstated in relevant part*, 65 F.3d 1072 (3d Cir. 1995).

17. Further, not only was Risk's revocation of certification unknown to the Defendant when it fired Risk, but it did not even occur until *after* Risk's discharge. Therefore, it could not have

factored into Defendant's decision to terminate risk.

   18.   Plaintiff therefore objects to the introduction of Defendant's concededly after-acquired evidence relating to Risk's Pennsylvania MPOETC certification because it is irrelevant under Fed. R. Evid. 402.[1]

   19.   Further, Plaintiff objects to the introduction of this after-acquired evidence under Fed. R. Evid. 403 because its probative value, if any, is substantially outweighed by the danger of unfair prejudice to Plaintiff.

   20.   Risk's current lack of certification has low probative value because it did not play a role in Defendant's decision to terminate Risk.

   21.   Evidence of Risk's decertification is unfairly prejudicial because it will distract the jury from whether Defendant discriminated against Risk because of his religion, and will instead call into question Risk's honesty in obtaining his certification--an issue which Defendant was not aware of at the time of Risk's termination.

   22.   In addition, since Risk's qualifications for certification are highly contested and are currently on appeal, evidence of decertification will waste significant time and resources, in effect creating a mini-trial on Risk's post-employment qualifications.

   WHEREFORE, Plaintiff moves to exclude the evidence identified above because it is irrelevant and because it is likely to unfairly prejudice, mislead, and/or confuse the jury.

---

[1] To the extent that this Court determines that after-acquired evidence is relevant to the issue of damages, Plaintiff will stipulate that backpay should be calculated from the date of Plaintiff's termination to the date that Defendant acquired evidence of Plaintiff's certification. *See* McKennon, 513 U.S. at 362 ("[t]he beginning point in the trial court's formulation of a remedy should be calculation of backpay from the date of the unlawful discharge to the date the new information was discovered. In determining the appropriate order for relief, the court can consider taking into further account extraordinary equitable circumstances that affect the legitimate interests of either party").

**B.     Bifurcation**

23.    In the alternative, Plaintiff respectfully requests that this Court bifurcate the trial pursuant to Rule 42(b) into two phases: (1) liability and (2) damages.

24.    The Court has the authority, and considerable discretion, to bifurcate a trial "for convenience, to avoid prejudice, or to expedite and economize..." Fed R. Civ. P. 42(b).

25.    Defendant's liability to Plaintiff, as a matter of law, can in no way be affected by any information that Defendant acquired *after* it terminated Plaintiff. *See* McKennon v. Nashville Banner Pub. Co., 513 U.S. at 358.

26.    At most, Defendant's after-acquired evidence of Plaintiffs' subsequent loss of certification can only be relevant to the amount of damages to which Plaintiff is entitled. *See* McKennon v. Nashville Banner Pub. Co., 513 U.S. at 362.

27.    Courts frequently bifurcate trials on issues of liability and damages, as evidence pertaining to damages may unfairly prejudice or confuse the jury in its determination of liability. *See* Emerick v. U.S. Suzuki Motor Corp., 750 F.2d 19, 22 (3d Cir. 1984)(affirming separation of issues on liability and punitive damages); Evans v. Connecticut, 168 F.R.D. 118, 120-21 (D. Conn. 1996)(allowing separate trials on liability and backpay/reinstatement in Title VII case).

28.    As stated above, evidence of Defendant's post-employment certification is not relevant to Plaintiff's discrimination claim, and Plaintiff faces a danger of unfair prejudice if the jury is allowed to hear evidence regarding his certification.

29.    Bifurcation will not unfairly prejudice Defendant, and will not require it to present duplicative evidence.

WHEREFORE, Plaintiff respectfully requests this Court bifurcate the issues of liability and

damages pursuant to Fed. R. Civ. P. 42(b).

                                      Respectfully submitted,

                                      **OGG, CORDES, MURPHY & IGNELZI**

                                      /S/ Samuel J. Cordes
                                      Samuel J. Cordes
                                      Tiffany R. Waskowicz

                                      PA.I.D. No. 54874 (Cordes)
                                      PA.I.D. No. 202933 (Waskowicz)

                                      245 Fort Pitt Boulevard
                                      Pittsburgh, PA 15222
                                      (412) 471-8500

                                      Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify on this 25th day of February, 2008, I served a copy of ***Plaintiff's Motion in Limine to Exclude After-Acquired Evidence of Plaintiff's Police Certification, or in the Alternative, to Bifurcate*** via electronic mail upon the following:

Teresa O. Sirianni
Marshall Dennehey Warner Coleman
& Goggin
Suite 2900
600 Grant Street
Pittsburgh, PA 15219

/S/ Samuel J. Cordes
Samuel J. Cordes