## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TERRYN RISK,                                    Civil Action No. 05-1068

        Plaintiff,

   vs.

                                        Magistrate Judge Lenihan

BURGETTSTOWN BOROUGH,
PENNSYLVANIA,

                                    Jury Trial Demanded

        Defendant.

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

Plaintiff, Terryn Risk, by undersigned counsel, requests that in addition to the standard charge, the jury be charged as follows:

### Religious Discrimination

1.    Mr. Risk has brought suit under Title VII of the Civil Rights Act of 1964 and the Pennsylvania Human Relations Act, alleging Defendant Burgettstown Borough discriminated against him because of his religion when it fired him in 2005.

Title VII of the provides in relevant part:

> It shall be an unlawful employment practice for an employer to discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions or privileges of employment because of such individual's religion.

42 U.S.C. § 2000e-2(a)(1)

The Pennsylvania Human Relations Act provides in relevant part:

> It shall be an unlawful discriminatory practice for any employer because of the religious creed to discharge from employment such individual, or to otherwise discriminate against such individual with respect to compensation, hire, tenure, terms, conditions or privileges of employment

1

43 Pa. Cons. Stat. Ann. §955(a) et seq.

These laws protect people of all religions from discharge decisions when their religion is a motivating factor in that decision.

Authority:

42 U.S.C. § 2000e-2(a)(1); 42 U.S.C. § 2000e-2(m); 43 Pa. Cons. Stat. Ann. § 955(a); Desert Palace, Inc v. Costa, 539 U.S. 90, 101 (2003).

Approved_____        Denied_____        Approved as Modified_____


2.        When I say a "term or condition of employment, you need to know that under the law the ability to wear jewelry or clothing in the workplace is a term or condition of employment.

Authority:

Cloutier v. Costco Wholesale Corp., 390 F.3d 126 (1st Cir. 2004); EEOC v. United Parcel Service, 94 F.3d 314 (7th Cir. 1996);  Brown v. F.L. Roberts & Co., 419 F. Supp.2d 7 (D. Mass. 2006).

Approved_____        Denied_____        Approved as Modified_____


3.        These laws protect individuals rather than religious groups from discrimination because of their religion.   Thus, the mere fact that the employer may have hired or retained other Christians does not mean that it did not discriminate against Risk because of his religion.   Rather, the question is whether Defendant discharged **Risk** because of *his* religion.

Authority:

Goosby v. Johnson & Johnson Medical, Inc., 228 F.3d 313, 321 (3d Cir. 2000); Pivirotto v. Innovative Sys., Inc., 191 F.3d 344, 353-54 (3d Cir. 1999).

Approved_____        Denied_____        Approved as Modified_____

4.      When I use the term "religion" you need to know that under the law religion "includes all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate to an employee's ... religious observance or practice without undue hardship on the conduct of the employer's business."   Thus, attending church on Sundays is a part of religious observance or practice, and therefore is included as an aspect of "religion" that these laws protect.

Authority:

42 U.S.C. § 2000e(j); Trans World Airlines, Inc. v. Hardison, 432 U.S. 63, 72-75 (1977); Protos. v. Volkswagen of Am., 797 F.2d 129, 134 (3d Cir. 1986); Ward v. Allegheny Ludlum Steel Corp., 560 F.2d 579, 580 n.1 (3d Cir. 1977).

Approved_____      Denied_____      Approved as Modified_____

5.      An employer has a duty to reasonably accommodate an employee's religious observances and practices, such as by offering to schedule the employee at a time that does not conflict with his religious obligations. Defendant has the burden of proving that it at least offered Risk a reasonable accommodation before deciding to fire him.

Authority:

42 U.S.C. § 2000e(j);  Ansonia Bd. of Educ. v. Philbrook, 479 U.S. 60, 69-70 (1986); Shelton v. Univ. of Med. & Dentistry of N.J., 223 F.3d 220, 225-26 (3d Cir. 2000); Am. Postal Wokers Union v. Postmaster General, 781 F.2d 772, 776 (9th Cir. 1986).

Approved_____      Denied_____      Approved as Modified_____

6.      When I say that an employer may not discriminate against an employee because of his or her religion, I mean that  you are to look at the Defendant's subjective reasons for its actions. Thus, if Defendant discharged or refused to hire Risk because Defendant thinks Risk is a certain religion, or thinks Risk needs a religious accommodation to attend church on Sunday, it would

violate the law even if Risk does not actually need religious accommodation.

What is relevant is that Risk, whether religious or not, or whether in need of a religious accommodation or not, was treated worse then he otherwise would have been for a reason forbidden by law–in this case, because of his religion, as I have explained.

Approved _____      Denied _____      Approved as Modified_____

Authority:

Fogleman v. Mercy Hospital, Inc., 283 F.3d 561, 571-572 (3d Cir. 2002).

Approved_____      Denied_____      Approved as Modified_____

7.     An employer is not excused from complying with the law merely because it alleges that its discharge of the employee was part of a reduction in force.  Individuals may not be selected for discharge on the basis of their religion.  An employer must have a religion-neutral reason for deciding to discharge certain employees, even if it also discharges other employees at the same time.

Authority:

Tomasso v. Boeing Co., 445 F.3d 702, 707 (3d Cir. 2006); Showalter v. Univ. of Pittsburgh, 190 F.3d 213, 236-38 (3d Cir. 1999); Marzano v. Computer Sci. Corp., 91 F.3d 497, 503-04, 508-09 n. 4 (3d Cir. 1996).

Approved_____      Denied_____      Approved as Modified_____

8.     To prevail on his claim for religious discrimination, Mr. Risk must prove, by a preponderance of the evidence, that his religion was a motivating factor in Defendant's decisionmaking process.  Mr. Risk need not prove that his religion was the sole cause of the employer's decision.  Even if you find that other factors played a role in the employer's decision to discharge Mr. Risk, you should find for the plaintiff if you find that his religion was a motivating

4

factor in that decision.

Authority:

42 U.S.C. § 2000e-2(m); Desert Palace Inc. V. Costa, 539 U.S. 90, 101-02 (2003); Miller v. Cigna Corp., 47 F.3d 586, 598-99 (3d Cir. 1995)(en banc).

Approved:_____   Denied_____   Approved as Modified_____

9.      To prove that he was discriminated against by Defendant, Mr. Risk need not prove hatred or even dislike.  He need only prove, by a preponderance of the evidence, that there was a difference in treatment, that it was the result of purposeful actions and not accidental, and that his religion was a motivating factor in the treatment–that is, his religion made a difference in the employer's decision to discharge him.

Authority:

Goodman v. Lukens Steel Co., 482 U.S. 656, 668-69 (1987); Ferrill v. Parker Gp., 168 F.3d 468, 472-73 (11th Cir. 1999).

Approved_____   Denied_____   Approved as Modified_____

10.     The law's protection against religious discrimination is not limited to perfectly qualified employees.  The law does not merely protect employees who are perfect from the standpoint of the employer; such an applicant needs no protection except from irrational employers. It protects the imperfect employee from being denied employment because of his religion.

Authority:

Miller v. Cigna Corp., 47 F.3d 586, 598 (3d Cir. 1995)(en banc); Shager v. Upjohn Co., 913 F.2d 398, 403 (7th Cir. 1990); Mardell v. Harleysville Life Ins. Co., 31 F.3d 1221, 123 (3d Cir. 1994), remanded for reconsideration on other grounds, 514 U.S. 1034 (1995), reaffirmed and reinstated in relevant part, 65 F.3d 1072 (3d Cir. 1995).

Approved_____   Denied_____   Approved as Modified_____

11.     In determining whether Mr. Risk's religion was a motivating factor in Defendant's decision to fire him, you may consider direct evidence, circumstantial evidence, and indirect evidence.  Mr. Risk can meet his burden by means of indirect proof without presenting any direct evidence specifically relating to his religion.

Authority:

Desert Palance, Inc. v. Costa, 539 U.S. 90, 99-100 (2003); Sheridan v. El Dupont deNemours Co., 100 F.3d 1061, 1071 (3d Cir. 1996)(*en banc*); McDonnell Douglas Corp. v. Green, 411 U.S. 792, 804-05 (1973); Bruno v. W.B. Saunders Co., 882 F.2d 760, 766 (3d Cir. 1989).

Approved_____        Denied_____        Approved as Modified_____

12.     Mr. Risk may meet his burden in either of two ways.  First, he can show directly, by a preponderance of the evidence, that his religion played a role in the employer's decision. However, because direct evidence is rare, if you do not find that Mr. Risk has shown directly that his religion was a motivating factor in the employer's decisionmaking process, then Risk can meet his burden through indirect evidence that:

1.     He is a member of a protected class; that is, he is a Christian.

2.     At the time Mr. Risk was fired, he was qualified for the position he held.

3.     He was discharged.

4.     Defendant retained employees who were not viewed as needing time off of work for religious reasons.

Once these facts have been established, it is Mr. Risk's burden to persuade you, by a preponderance of the evidence, that Defendant fired him because of his religion.

You may infer that Mr. Risk has met his burden if you find that the four facts set forth above have been established, and you further disbelieve the Defendant's explanation for why it fired Mr.

Risk.  That is, you may find for Mr. Risk if you find that the employer's articulated reason for discharging him was a pretext or a coverup for illegal discrimination.

Authority:

Desert Palace, Inc. v. Costa, 539 U.S. 90, 99-100 (2003); Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 147 (2000); Abramson v. William Patterson College of N.J., 260 F.3d 265, 281 (3d Cir. 2001); Sheridan v. E.I. DuPont de Nemours & Co., 100 F.3d 1061, 1071 (3d Cir. 1996)(en banc); Tomasso v. Boeing Co., 445 F.3d 702, 706 n.4 (3d Cir. 2006); Duffy v. Paper Magic Gp., Inc., 265 F.3d 163, 167 (3d Cir. 2001); Pivirotto v. Innovative Sys., Inc., 191 F.3d 344, 354 (3d Cir. 1999); Smith v. Borough of Wilkinsburg, 147 F.3d 272, 280 (3d Cir. 1998).

Approved_____     Denied_____     Approved as Modified_____

## Retaliation

13.    Risk also  alleges that Defendants fired him and also reduced his scheduled hours in retaliation for his opposing Defendant's practice of religious discrimination, and for filing charges of discrimination with the Equal Opportunity Commission and the Pennsylvania Human Relations Commission.

Title VII provides in pertinent part:

> It shall be an unlawful employment practice for an employer to discriminate  against any of his employees ... because he has opposed any .... unlawful  employment practice...or because he has made a charge, testified, assisted, or participated in any manner in an investigation proceeding or hearing under [Title VII].

Authority:

42 U.S.C. § 2000e-3(a).

Approved_____     Denied_____     Approved as Modified_____

14.    To prevail on his claim that he was fired because he opposed Defendant's practice of religious discrimination, or because he filed a charge of discrimination, Mr. Risk must prove,

by a preponderance of the evidence, that his opposition or filing of a charge of discrimination had a determinative effect on the decision to discharge him.

Mr. Risk need not prove that his opposition to Defendant's practice of discrimination, or his filing of a charge of discrimination, was the sole cause(s) of the employer's decision. Even if you find that other factors played a role in Defendant's decision to discharge Mr. Risk, you should find for Risk if you find that opposing discrimination or filing a charge of discrimination was a determinative factor(s) in that decision.

Authority:

42 U.S.C. § 2000e-3(a); Woodson v. Scott Paper Co., 109 F.3d 913, 933-34 (3d Cir. 1997); Miller v. Cigna Corp., 47 F.3d 586, 598 (3d Cir. 1995)(*en banc*).

Approved_____      Denied_____      Approved as Modified_____

15.    To establish discriminatory retaliation under Title VII, Risk must show:

1.    He opposed a practice of religious discrimination in the workplace, or he filed a charge of religious discrimination; or Defendant believed he opposed such practices.

2.    Defendant took an adverse employment action against him (e.g., discharged him); and

3.    There was a causal connection between his opposing the religious discrimination practice or his filing a charge of religious discrimination, and the adverse employment action.

Authority:

42 U.S.C. § 2000e-3(a); Farrell v. Planters Lifesavers Co., 206 F.3d 271, 279 (3d Cir. 2000); Fogleman v. Mercy Hospital, Inc., 283 F.3d 561, 571-572 (3d Cir. 2002); Woodson v. Scott Paper Co., 109 F.3d 913, 920 (3d Cir. 1997); Kachmar v. SunGard Data Sys., Inc., 109 F.3d 173, 177 (3d Cir. 1997); Aman v. Cort Furniture Rental Corp., 85 F.3d 1074, 1085 (3d Cir. 1996).

Approved_____      Denied_____      Approved as Modified_____

16.     Risk may meet his burden of showing that his opposition of religious discrimination, or his filing of a charge of discrimination, was a determinative factor in his discharge in one of two ways.

First, Risk may show directly that his opposition or filing of a charge of discrimination was a determinative factor in the employment decision.

However, if you do not find that Risk has shown directly that his opposition or filing of a charge of discrimination was a determinative factor in the employer's decisionmaking process, then Risk can meet his burden through indirect evidence that:

1.     He opposed what he reasonably believed was religious discrimination in the workplace, or he filed a charge of discrimination.

2.     He was qualified for the position from which he was discharged.  That is, he possessed the basic skills to do the job.

3.     Despite his qualifications, he was discharged.

4.     Defendant retained other employees who did not oppose a practice of workplace discrimination, or did not file a charge of discrimination.

Once these facts have been established, it is Risk's burden to persuade you, by a preponderance of the evidence, that he was discharged because of his opposition of religious discrimination or his filing of a charge of discrimination.

You may infer that Risk has met this burden if you find that the four facts set forth above have been proven by a preponderance of the evidence, and if you further disbelieve Defendant's explanation for why it fired Risk.  That is, you may find for Risk if you find that Defendant's articulated reason for discharging Risk was a pretext or a coverup for illegal retaliation.

Authority:

Marra v. Phila. Hous. Auth., 497 F.3d 286, 300-01 (3d Cir. 2007); Moore v. City of Phila., 461 F.3d 331, 342 (3d Cir. 2006); Smith v. Borough of Wilkinsburg, 147 F.3d 272, 280 (3d Cir. 1998); Woodson v. Scott Paper Co., 109 F.3d 913, 920 (3d Cir. 1997).

Approved_____   Denied_____   Approved as Modified_____

17.     Even if you do not find that Defendant actually discriminated against Risk  because of his religion, Risk can still prevail on his claim of retaliation.  For purposes of the retaliation claim, Risk need not prove, nor should you consider, the merit of his separate religious discrimination claim.

The law protects from retaliation any employee who, in good faith,  opposes a practice of religious discrimination in the workplace, as well as any employee who files a charge of discrimination.  The sole question for you to answer for purposes of Risk's retaliation claim is whether Defendant fired Mr. Risk because he opposed religious discrimination in the workplace, or because he filed a charge of religious discrimination.

Authority:

Moore v. City of Phila., 461 F.3d 331, 341 (3d Cir. 2006); Aman v. Cort Furniture Rental Corp., 85 F.3d 1074, 1085 (3d Cir. 1996); Drinkwater v. Union Carbide Corp., 904 F.3d 853, 865 (3d Cir. 1990); Parker v. Univ. of Pa., 239 Fed. Appx. 773, 775-76 (3d Cir. 2007).

Approved_____   Denied_____   Approved as Modified_____

18.     It is not necessary for Risk, himself to have complained of discrimination if his lawyer complained. If an employee is retaliated against after his lawyer complains of discrimination, Title VII is implicated just as if the employee himself had complained, because people often act through agents such as lawyers. Thus, Risk's lawyers complaints of discrimination on his behalf is no

different than Risk complaining.

Authority:

EEOC v. V&J Foods, Inc., 507 F.3d 575, 580 (7ᵗʰ Cir. 2007).

Approved_____ Denied_____ Approved as Modified_____

      19.    The sole question to be answered on the issue of whether Defendant retaliated against

Mr. Risk is whether Defendant retaliated against him at the instant it decided to fire him.

Authority:

Mardell v. Harleysville Life Ins. Co., 31 F.3d 1221, 1228 (3d Cir. 1994), *remanded for reconsideration on other grounds*, 115 S. Ct. 1397, *reaffirmed and reinstated in relevant part*, 65 F.3d 1072 (3d Cir. 1995).

Approved_____ Denied_____ Approved as Modified_____

**Pretext Evidence**

      20.    Both Risk's religious discrimination and retaliation claims ask whether the

employer's asserted reason for discharging him was a pretext, or coverup, for illegal discharge.  In

determining whether Defendant's reason for firing Mr. Risk is a pretext for religious discrimination

and/or retaliation, you may examine the reasons provided against a backdrop of Defendant's

workplace culture.  Thus, among other things, you may consider evidence of the atmosphere at

Defendant's workplace, and evidence of statements concerning religion, or the need to miss work

because of religion, at the police station.

Authority:

McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973); Ryder v. Westinghouse Elec. Corp., 128 F.3d 128, 132 (3d Cir. 1997); *cert denied*, 522 U.S. 1116 (1998); Brewer v. Quaker State Oil Refining Corp., 72 F.3d 326, 333-34 (3d Cir. 1995); Abrams v. Lightoiler, Inc., 50 F.3d 1204, 1214 (3d Cir. 1995); West v. Phila. Elec. Co., 45 F.3d 744, 757 (3d Cir. 1995); Glass v. Phila. Elec. Co., 34 F.3d 188, 19495 (3d Cir. 1994); Josey v. John R. Hollingsworth Corp., 996 F.2d 632, 641

11

(3d Cir. 1993).

Approved_____ Denied_____ Approved as Modified_____

21.     In determining whether the reason offered by Defendant for firing Mr. Risk is a pretext for illegal religious discrimination and/or retaliation, you may consider the reasonableness, or lack thereof, of Defendant's judgment to the extent it assists you in determining Defendant's state of mind.

Authority:

Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 259 (1981); Ash v. Tyson Foods, Inc., 546 U.S. 455, 457 (2006); Fuentes v. Perskie, 32 F.3d 759, 765 & n.8 (3d Cir. 1994); Brewer v. Quaker State Oil Refining Corp., 72 F.3d 326, 332 (3d Cir. 1995); Kiliszewski v. Overnite Transp. Co., 818 F. Supp. 128, 132 (W.D. Pa. 1993).

Approved_____ Denied_____ Approved as Modified_____

22.     In determining whether the reasons offered by Defendant for firing Mr. Risk are pretexts for illegal religious discrimination and/or retaliation, you may consider whether the employer changed the reasons it articulated after discharging Mr. Risk.  Thus, if the reasons Defendant has offered for Mr. Risk's termination did not remain consistent beginning at the time they were offered and continuing throughout this litigation, you may find, from that fact alone, that the reasons offered are pretexts for discrimination and/or retaliation.

Authority:

Reeves v. Sanderson Plumbing Co., 530 U.S. 133, 147-48 (2000); Abramson v. William Patterson College of New Jersey, 260 F.3d 265, 284 (3d Cir. 2001); Fuentes v. Perskie, 32 F.3d 759, 764 (3d Cir. 1994); Smith v. Borough of Wilkinsburg, 147 F.3d 272, 281 (3d Cir. 1998); Siegal v. Alpha Wire Corp., 894 F.2d 50, 55 (3d Cir. 1990); Gunby v. Pa. Elec. Co., 840 F.2d 1108, 1117 (3d Cir. 1988); Garland v. USAir, Inc., 767 F. Supp. 715, 719 (W.D. Pa. 1991).

Approved_____ Denied_____Approved as Modified_____

23.     In determining whether the reasons offered by Defendant for firing Mr. Risk are pretexts for illegal religious discrimination and/or retaliation, you may consider whether Defendant departed from standard procedures when making its decision.  Therefore, if you find that Defendant violated any established rules or laws, or failed to follow its own policies when it fired Mr. Risk, you may find that the reasons offered are pretexts for discrimination.

Authority:

Colgan v. Fisher Scientific, 935 F.3d 1407, 1422-23 (3d Cir. 1991)(*en banc*), *cert denied*, 502 U.S. 941; Wishkin v. Potter, 476 F.3d 180, 187 (3d Cir. 2007); Stewart v. Rutgers, the State Univ., 120 F.3d 426, 434 (3d Cir. 1997);Woodson v. Scott Paper Co., 109 F.3d 913, 923 (3d Cir. 1997). *See also* Village of Arlington Heights v. Metro. Hous. Development Corp., 429 U.S. 252, 267 (1977).

Approved_____          Denied_____          Approved as Modified_____

24.     In determining whether the reasons offered by Defendant for firing Mr. Risk  are pretexts for illegal religious discrimination and/or retaliation, you may consider whether Defendant failed to consult with Mr. Risk's supervisor.  You may find pretext from Defendant's  failure to consult with Mr. Risk's supervisor, Chief Roberts, before discharging Mr. Risk

Authority:

Duffy v. Wheeling Pittsburgh Steel Corp., 738 F.2d 1393, 1397-98 (3d Cir. 1984) (sufficient evidence of pretext where defendant claimed it fired plaintiff for poor performance but failed to consult immediate supervisor); Hardin v. Hussman Corp., 45 F.3d 262, 265-66 (8th Cir. 1995) (sufficient evidence of pretext where employer failed to consult plaintiff's supervisor in deciding to discharge plaintiff in reduction in force, based on poor performance); Walther v. Lone Star Gas Co., 952 F.2d 119, 124 (5th Cir. 1992) (reasonable jury could find it suspicious that the decision-maker did not consult plaintiff's immediate supervisor before deciding to discharge him in a reduction in force).

Approved_____          Denied_____          Approved as Modified_____

## Damages

25.     In the event you determine that Mr. Risk's religion, his opposition of religious discrimination in the workplace, and/or his filing of a charge of discrimination, were motivating factors in Defendant's decision to fire him, then you must determine the amount of damages sustained by Mr. Risk.

Generally speaking, a person who is a victim of illegal discrimination and/or retaliation is entitled to be restored to the position he would have been in but for the discrimination/retaliation, with all lost monies and benefits.

In this case, Mr. Risk has alleged that, as a result of Defendant's intentional discrimination, he has suffered humiliation and inconvenience.

Plaintiff has the burden of proving any compensatory damages by a preponderance of the evidence.  If you determine that Mr. Risk has proven by a preponderance of the evidence that he has experienced humiliation and/or inconvenience you may award him damages for those injuries.  No evidence of monetary value of such intangible things as inconvenience and humiliation has been, or needs to be, introduced into evidence.  No exact standard exists for fixing the compensation to be awarded for these elements of damages.  The damages you award must be fair compensation–no more and no less.

When considering the amount of monetary damages to which Risk may be entitled, you should consider the nature, character, and seriousness of any inconvenience and/or humiliation he felt.  You must also consider its extent or duration, as any award you must cover the damages endured by Mr. Risk since the wrongdoing, to the present time, and even into the future if you find as fact that the proofs presented justify the conclusion that Risk's humiliation and/or inconvenience

14

have continued to the present time or can reasonably be expected to continue into the future.

Authority:

42 U.S.C. § 2000e-5(g)(1); Albemarle Paper Co. v. Moody, 422 U.S. 405, 414-21 (1975); Loeffler v. Frank, 486 U.S. 549, 558 (1988); Bolden v. SEPTA, 21 F.3d 29, 33-35 (3d Cir. 1994); Booker v. Taylor Milk Co., 64 F.3d 860, 864-68 (3d Cir. 1995); Kelly v. Matlack, Inc., 903 F.2d 978, 984 (3d Cir. 1990); Sinclair International Corp. v. Maxfield, 766 F. 788 (3d Cir. 1985), cert denied, 474 U.S. 1057 (1986); Gallo v. John Powell Chevrolet, Inc., 779 F. Supp. 804 (M.D. Pa. 1991).

Approved_____        Denied_____        Approved as Modified_____

Respectfully submitted,

**OGG, CORDES, MURPHY & IGNELZI**

/S/ Samuel J. Cordes_____
Samuel J. Cordes
Tiffany R. Waskowicz

Pa. I.D. No. 54874 (Cordes)
Pa. I.D. No. 202933 (Waskowicz)

245 Fort Pitt Boulevard
Pittsburgh, PA 15222
(412) 471-8500

Attorneys for Plaintiff

15

## CERTIFICATE OF SERVICE

I hereby certify on this 20th day of March, 2008, I served a copy of ***Plaintiff's Proposed Jury***

***Instructions*** via electronic mail upon the following:


Teresa O. Sirianni
Marshall Dennehey Warner Coleman
& Goggin
Suite 2900
600 Grant Street
Pittsburgh, PA 15219


/S/ Samuel J. Cordes
Samuel J. Cordes