**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

TERRYN RISK,                                          Civil Action No. 05-1068

        Plaintiff,

        vs.                                          Magistrate Judge Lenihan

BURGETTSTOWN BOROUGH,
PENNSYLVANIA,

        Defendant.                                 Jury Trial Demanded

**PLAINTIFF'S REQUEST TO TAKE JUDICIAL NOTICE
REGARDING CONTENTS OF THE PENNSYLVANIA POLICE TENURE ACT 53 P.S. §
811-815, Chapter 8 and THE CIVIL SERVICE PROVISIONS OF THE PENNSYLVANIA
BOROUGH CODE,  53 P.S. §§ 46171, 46172, 46190, 46193, 46195, Chapter 91**

        Plaintiff, Terryn Risk, by undersigned counsel, respectfully requests the Court take judicial

notice of the contents of The Pennsylvania Police Tenure Act,  53 Pa. Cons.Stat.Ann.  §§811-815,

Chapter 8 and the Civil Service provisions of the Pennsylvania Borough Code, 53 Pa. Cons.Stat.Ann.

§§ 46171, 46172, 46190, 46193, 46195, Chapter 91, and in support thereof states:

        1.      Throughout the questioning of various witnesses the parties most likely will reference

procedures Defendant is mandated to follow by Pennsylvania law when reducing employment of its

police force for financial/budgetary purposes.

        2.      Accordingly, Risk respectfully requests this court to take judicial notice of The

Pennsylvania Police Tenure Act, 53 Pa. Cons.Stat.Ann.  §§811-815, Chapter 8 and the Civil Service

provisions of the Pennsylvania Borough Code, 53 Pa. Cons.Stat.Ann. §§ 46171, 46172, 46190,

46193, 46195, Chapter 91. (Copies of those statutes are attached as Exhibits 1-10).

        3.      The contents of these statutes are not a matter about which there can be any good faith

1

dispute.

4.      Federal Courts must take judicial notice of state constitutions and statutes and of the case law of each of the states.  Lamar v. Micou, 114 U.S. 218, 223, 5 S.Ct. 857, 859 (1885) ("The law of any State of the Union, whether depending upon statues or upon judicial opinions, is a matter of which the courts of the United States are bound to take judicial notice, without plea or proof."). *See also*  Feder v. Evans-Feder, 63 F.3d 217, 225 (3d Cir. 1995) (taking judicial notice of laws of Australia by authority of the Hague Convention);  Estate of Rockwell v. Commissioner of IRS, 77 F.2d 931, 936 n.5 (3d Cir. 1985) ("We take judicial notice of the law of Pennsylvania as expressed in statutes and court decisions.");  Kucel v. Walter E. Heller & Co., 813 F.2d 67, 74 (5th Cir. 1987) ("federal courts are required to judicial notice of the content of the laws of ever state in the Union."*)*;  United States v. Caron, 941 F.Supp. 238, 242 (D.Mass. 1996) (federal district court may take judicial notice of procedures state has adopted to implement state statute.);  Chiang v. MBNA, 2007 WL 2399185 (D.Mass 2007) (distinguishing between judicial notice of fact versus judicial notice of law).

WHEREFORE, Plaintiff  respectfully requests that the Court take judicial notice of the contents of The Pennsylvania Police Tenure Act,  53 Pa. Cons.Stat.Ann.  §§811-815, Chapter 8 and the Civil Service provisions of the Pennsylvania Borough Code, 53 Pa. Cons.Stat.Ann. §§ 46171, 46172, 46190, 46193, 46195, Chapter 91.

Respectfully submitted,

**OGG, CORDES, MURPHY & IGNELZI**

/S/ Samuel J. Cordes
Samuel J. Cordes
Tiffany R. Waskowicz

Pa. I.D. No. 54874 (Cordes)
Pa. I.D. No. 202933 (Waskowicz)

245 Fort Pitt Boulevard
Pittsburgh, PA 15222
(412) 471-8500

Attorneys for Plaintiff

3

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify on this 24th day of March, 2008, I served a true and correct copy of the within

via electronic mail upon the following:


Teresa O. Sirianni

Marshall Dennehey Warner Coleman

& Goggin

Suite 2900

600 Grant Street

Pittsburgh, PA 15219



/S/ Samuel J. Cordes

Samuel J. Cordes