IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERRYN RISK, ) | |
| ) | Civil Action No. 05-1068 |
| Plaintiff, ) | |
| ) | Magistrate Judge Lisa Pupo Lenihan |
| v. ) | |
| ) | |
| BURGETTSTOWN BOROUGH, ) | |
| PENNSYLVANIA, ) | |
| ) | Re: Doc. Nos. 105 & 106 |
| Defendant. ) | |

**MEMORANDUM ORDER**

This is an action filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2(a)(1), & 2000e-3(a), and the Pennsylvania Human Relations Act, 43 Pa. Cons. Stat. Ann. § 955(a). On March 27, 2008, a jury found that Defendant dismissed Risk because of his religion and in retaliation for his protected opposition to religious discrimination, and awarded compensatory damages. Plaintiff now moves for an award of back pay and prejudgment interest pursuant Fed. R. Civ. P. 59, 42 U.S.C. § 2000e-5(g), and 43 Pa. Cons. Stat. Ann. § 962. Plaintiff also moves for reinstatement and other equitable relief.

Plaintiff's Motion for Back Pay is granted. This Court finds the reasoning of McKennon v. Nashville Banner Pub. Co., 513 U.S. 352 (1995), to be controlling here. In the case at bar, the jury found that a Title VII and PHRA violation had occurred. As noted by the McKennon Court, violations of this type:

> [M]ust be deterred and compensated without undue infringement upon the employer's rights and prerogatives. The object of compensation is to restore the employee to the position he or she would have been in absent the discrimination, . . . but that principle is difficult to apply with precision where there is after-acquired evidence of wrongdoing that would have led to termination on legitimate grounds had the employer known about it.

McKennon, 513 U.S. at 362 (internal citation omitted). The McKennon Court concluded that the calculation of back pay should begin from the date of the unlawful discharge, here March 5, 2005, the date of the Defendant's public vote, to the date the new information was discovered. In this case, the ending date is September 13, 2007, the date Plaintiff's certification was revoked. See McKennon, 513 U.S. at 362.

In addition, the parties appear to agree that 28 U.S.C. § 1961, should govern Plaintiff's request for prejudgment interest. March 5, 2005 shall be used as the beginning calculation date, the date of Defendant's public vote to eliminate Plaintiff's position.

Plaintiff's Motion for Reinstatement and Other Equitable Relief is denied. Again, this Court finds the reasoning in McKennon to be controlling. The McKennon Court emphasized that "as a general rule in cases of this type, neither reinstatement nor front pay is an appropriate remedy." McKennon, 513 U.S. at 361-62. This Court does not find "the factual permutations and the equitable considerations they raise" in this case to warrant an award of reinstatement or front pay. See Id. at 361.

AND NOW, on this 28th day of April 2008, it is hereby **ORDERED** that Plaintiff's Motion for Back Pay and Prejudgment Interest at Doc. No. 106 is **GRANTED**. Plaintiff's back pay is to be calculated from March 5, 2005 until September 13, 2007. Plaintiff's prejudgment interest shall be calculated pursuant to the terms of 28 U.S.C. § 1961, and March 5, 2005 shall be used as the beginning calculation date. The parties shall meet or otherwise confer and agree to the appropriate amount of back pay and prejudgment interest to be awarded in this case based upon the above Rulings, and file this recommended amount with the Court no later than May 15, 2008. Judgment will be entered on May 16, 2008.

It is further **ORDERED** that Plaintiff's Motion for Reinstatement and Other Equitable Relief at Doc. No. 105 is **DENIED.**

    s/Lisa Pupo Lenihan
LISA PUPO LENIHAN
United States Magistrate Judge

cc: All counsel of record
    Via Electronic Filing